Shientag, J.
(dissenting in part). I concur in the conclusions reached by my learned colleagues of the majority except as to one point. I am of the opinion that the record amply supports the surcharge of $40,000 as a loss incurred in the making of the Vernott lease — a loss of $8,000 a year for the five-year term. For reasons not here relevant, but with which I agree, the actual surcharge was substantially less than $40,000. The issue is not “ whether, in the opinion of the court, a different course of action would have produced a more satisfactory result but whether under the circumstances existing at the time the Trustee acted with such diligence and circumspection as ‘prudent men of discretion and intelligence in such matters, employ in their own like affairs.’ ” (Matter of Delamater, 266 App. Div. 200, 203-204.) The standard of conduct exacted of a trustee is. one of reasonable, not of the utmost amount of prudence and diligence (King v. Talbot, 40 N. Y. 76, 85). Applying this test to the circumstances here presented, the Surrogate was warranted in finding that the entire course of conduct of the appellant in connection with the making of the lease showed that it did not act with reasonable care and prudence; that there was more than a mistake of judgment, that there was a breach of fiduciary duty for which the trustee should be called to account.
The finding of a loss of $8,000 a year was supported by expert testimony. That testimony as to value does not of itself establish any breach of fiduciary duty. However, the disregard by the representative of the trustee of the views of the beneficiaries, who took an active interest in the administration of the trust and who were vitally affected thereby; his reluctance, if not his *207 downright refusal, to consider other bids and to negotiate with other responsible bidders; the sudden change of the term of the Vernott lease from ten years to fiye years to avoid a court proceeding for approval, ostensibly to save the expense thereof but in reality, as the Surrogate might properly have found, to preclude objections on the part of the beneficiaries and the consideration of other bids; the fact that the change in the term of the lease was made after the beneficiaries had been assured that the proposed lease for ten years required court approval and that their views with respect thereto could be presented at a court hearing — all of these circumstances, taken together, presented a pattern which, the court below could properly find, reflected a breach of fiduciary duty not satisfactorily explained and which should not be condoned.
We should not, as an appellate court, say that the findings of the Surrogate with respect to this lease transaction have no basis in the evidence or that they are against the weight of the credible evidence. Such findings therefore should not be disturbed.
The surcharge of $40,000 in connection with this item should be affirmed.
Peck, P. J., and Glennon, J., concur with Callahan, J.; Shientag, J., dissents in part in opinion in which Cohn, J., concurs.
Decree modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the appellant Bankers Trust Company, payable out of the estate. Settle order on notice.